# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

CHARRAE HERRON, JAN CLAYTON, )
and TAMARA JACKSON,            )
                               )
    Plaintiffs,            )
                               )
v.                             )    Case No.  CV412-041
                               )
LARRY CHISOLM, individually    )
and in his Official Capacity as the )
District Attorney for Chatham  )
County, Georgia,               )
                               )
    Defendants.            )

# ORDER

Three female employment-discrimination plaintiffs [1] move the Court to compel the defendant, Chatham County, Georgia's District Attorney, to answer their discovery questions. Doc. 13. After he was elected to that position, Larry Chisolm reorganized and hired new members of his office's staff based on merit, he says. The plaintiffs say that when they applied for an investigator position he discriminated

---

[1] The plaintiffs brought this case under Title VII, 42 U.S.C. § 2000e-2(a). "Title VII explicitly prohibits discrimination against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)." *Reeves v. DSI Sec. Services*, 331 F. App'x 659, 662 (11th Cir. 2009); *see also Hunter v. United Parcel Service, Inc.*, ___ F.3d ___, 2012 WL 4052403 at * 3 (8th Cir. Sep. 17, 2012).

against them based on their female gender, thus violating Title VII.[2] Doc. 1. They served him with discovery aimed at uncovering circumstantial evidence to prove that discrimination. Doc. 13.

Specifically, they want Chisolm to admit that he is sexually attracted to men and thus hired a man he fancied for the investigator position they sought. *Id.* They allege that he interviewed no one else for the job and thus categorically excluded (hence, unlawfully discriminated against) women -- including them. *Id.* Because one cannot sue for employment discrimination based on sexual orientation, Chisolm insists that questions about *his* sexual orientation are plainly irrelevant. Hence, he objects. Doc. 14 at 3-4.

Neither side has cited a case on point. Nor has the Court located one. But principles from reasonably analogous cases guide the result here. The logic behind those principles is best seen by first delving

---

[2] As another court explains:

> To establish a prima facie case of gender discrimination in a failure-to-hire case, the plaintiff must show: (1) he is a member of a protected class, (2) he was qualified for a position and applied for it, (3) he was not considered for the position despite his qualifications, and (4) equally or less qualified individuals outside of his protected class were considered or hired for the position. *Underwood v. Perry County Comm'n*, 431 F.3d 788, 794 (11th Cir. 2005).

*Pasko v. Town of Davie*, 2012 WL 1831810 at * 2 (S.D. Fla. May 17, 2012); *see also Hunter*, 2012 WL 4052403 at * 3.

further into the alleged facts.

## I.   BACKGROUND

This is actually the second of two related employment-discrimination cases against Chisolm before this Court. The first was filed by Jonathan Drummond, who sued Chisolm under, *inter alia*, Title VII. *Drummond v. Chisolm*, CV411-194, doc. 1 (S.D. Ga. Aug. 5, 2011).[3] Drummond alleged that Chisolm hired him for the position of criminal investigator after interviewing no one else for the job.[4] *Id.*, doc. 1 at 4 ¶¶ 17-18. Chisolm wanted him for the job, Drummond claimed, "because he is male and Larry Chisolm is sexually attracted to males." *Id.* ¶ 20.

Drummond claimed Chisolm retaliated against him after he spurned Chisolm's overtures. He alleged facts about another male investigator who resided with Chisolm and who shared a hotel room with him on a business trip. On that occasion, Chisolm allegedly beckoned Drummond

---

[3]   In an unrelated action, *Robbins v. Chatham County*, CV410-045, doc. 1 (S.D. Ga. Feb. 19, 2010), a jury found that Chisolm had retaliated against a female employee who had served under his predecessor and was basically phased out by Chisolm. *Id.*, docs. 70 & 73. She had also sued him under, *inter alia*, Title VII, *id.* doc. 1, but the district judge dismissed all but her retaliation claims ahead of the verdict.

[4]   For the purpose of this Order, Drummond's factual allegations, on which the plaintiffs here in no small part rely, are taken as true.

to share the room with them. *Id.* ¶¶ 23, 25, 30. Drummond's case was dismissed on abandonment grounds.[5]

The instant plaintiffs allege that even though they were more qualified than Drummond, Chisolm hired him because he found him sexually attractive, and thus discriminated against them because of their sex. Chisolm, they emphasize, did not interview *anyone else* for the job. Plus he had already hired another male for another investigator job, and had done so for the same, sexual-attraction reason. CV412-041 doc. 1 ¶¶ 10, 22-34; 12 at 2; doc. 13 at 5; doc. 14 at 1-2.

Plaintiffs emphasize those facts in justifying their discovery requests, which ask Chisolm to admit that: (a) the other male investigator referenced by Drummond is Chris Brown; (b) Brown resided with Chisolm during his employment with Chisolm's office; (c) Chisolm is attracted to men; and (d) Chisolm has made sexual advances to other men.[6] Doc. 13

---

[5] The same lawyer who represents the plaintiffs here represented Drummond, but she withdrew mid-stream. Doc. 18. Drummond continued *pro se* but failed to keep his address current with the Court, so his case was dismissed. Docs. 29, 33 & 34.

[6] They thus want Chisolm to answer their Request to Admit No. 4 ("Admit that Defendant is attracted to men"); Request to Admit No. 5 ("Admit that Defendant has made sexual advances to other men"); and Request to Admit No. 7 ("Admit that Chris Brown resided with Larry Chisolm during Mr. Brown's employment with the District Attorney's office"). They also want him to produce, pursuant to their document request # 6, the application and resume of Chris Brown. Doc. 13-1.

at 1-2; doc. 13-1 at 2-3. Chisolm insists that information is irrelevant "because sexual orientation is not a permissible basis for liability under Title VII, and is therefore not subject to discovery." Doc. 14 at 4.

## II. ANALYSIS

While Chisolm is correct in his assertion that Title VII provides no protection for discrimination based on sexual orientation,[7] plaintiffs are *not* claiming that protection. Instead, they are claiming that Chisolm categorically excluded an entire gender class for consideration of a job because that class did not fit Chisolm's sexual preference. They also remind that the "reasonably calculated" discovery standard is broad-ranging.[8] Doc. 13.

The *discoverability* of sexual orientation has long been relevant in

---

[7] *Bibby v. Philadelphia Coca Cola Bottling Co.*, 260 F.3d 257, 261 (3d Cir. 2001) ("Title VII does not prohibit discrimination based on sexual orientation"); *Jantz v. Emblem Health*, 2012 WL 370297 at * 7 (S.D.N.Y. Feb. 6, 2012); 125 AM. JUR. TRIALS 247 § 16.

[8] Parties may discover "any nonprivileged matter that is relevant to any party's claim or defense," Fed. R. Civ. P. 26(b)(1), which means facts relevant to the litigation. *Siddiq v. Saudi Arabian Airlines Corp.*, 2011 WL 6936485 at * 2 (M.D. Fla. Dec. 7, 2011). Proponents must show relevance. *Zorn v. Principal Life Ins. Co.*, 2010 WL 3282982 at *2 (S.D. Ga. Aug. 8, 2010). The information need not be admissible at trial, only "reasonably calculated to lead to the discovery of admissible evidence." *Id.* And the relevancy standard for discovery is not the same as for at-trial evidence. It is more liberal, though not a fishing license. *Ariel Preferred Retail Group, LLC. v. CWCapital Asset Management,* 2012 WL 1620506 at * 3 (E.D. Mo. May 9, 2012).

Title VII cases. Such information can be used to prove, for example, the invidious discriminatory intent of same-sex defendants in sexual-harassment based, Title VII cases. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998) (an inference of discrimination "would be available to a plaintiff alleging same-sex harassment, if there was credible evidence that the harasser was homosexual."); *Smith v. Cafe Asia*, 256 F.R.D. 247, 252 (D.D.C. 2009), *cited in* DISCOVERY PROCEEDINGS IN FEDERAL COURT § 24:4 (2012).

But what if, at bottom, plaintiffs advance no claim? That obviously would moot their discovery quest. That is the case here. At its core plaintiffs have advanced a sexual-*favoritism*, not an *orientation* case. They allege that Chisolm preferred Drummond (less qualified than plaintiffs) over them because he sexually *favored* him. Their words:

> 32. Defendant Larry Chisolm is a gay male who sought to fill the position with a man to whom he was attracted without any regard for his lack of qualifications.
>
> *   *   *   *
>
> 39. Defendant hired Drummond because he is a male and because he was sexually attracted to Drummond.
>
> 40. Defendant did not interview the Plaintiffs because they were women and he was not physically attracted to them even though

they were extremely well qualified for the position to which they applied. *See* 42 U.S.C. § 2000e-2.

Doc. 1 (plaintiff's Complaint) at 5-6.

These core allegations are pivotal. Even if this Court compelled Chisolm to answer plaintiffs' discovery, and even his answers helped prove those allegations to be true -- indeed, even if those allegations *are* true -- nevertheless they state a sexual-favoritism claim that fails as a matter of law, *DeCintio v. Westchester County Med. Ctr.*, 807 F.2d 304, 308 (2d Cir. 1986), so their discovery is moot. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir.1997); *Smith v. United States*, 877 F.2d 40, 41 (11th Cir. 1989) (widow of a space shuttle astronaut killed in Challenger explosion was not entitled to discovery against the United States because her negligence action was barred as a matter of law).

In *DeCintio*, seven male physical therapists brought a Title VII sex discrimination and Equal Pay Act claim against their employer, a hospital. They alleged that the hospital's program administrator gratuitously added an extra job requirement for the position they sought so that the administrator could then hire a female with whom he had a consensual, romantic relationship. *DeCintio*, 807 F.2d at 305.

The *DeCintio* plaintiffs failed to state a Title VII sex discrimination claim. They were not prejudiced because they were males, but because the decision-maker preferred his lover. Hence, the administrator's sexual favoritism cost men and women alike. *Id.* at 308. He was an equal-opportunity discriminator. Title VII does not prohibit that; it only interdicts discrimination against one sex that benefits another. That is why the "proscribed differentiation under Title VII ... must be a distinction based on a person's sex, not on his or her sexual affiliations." *Id.* at 306–07.

The *DeCintio* plaintiffs thus failed to show a distinction based on sex. And they supplied "no justification for defining 'sex,' for Title VII purposes, so broadly as to include an ongoing, voluntary, romantic engagement." *Id.* at 307. That would only expand Title VII to "include 'sexual liasons' and 'sexual attractions." *Id.* at 306. Title VII simply does not reach that far, and neither does the Equal Pay Act. *Id.* at 307-08. The Fourth Circuit concurs. *Mundy v. Palmetto Ford*, 998 F.2d 1010, 1993 WL 280340 at * 2 (4th Cir. 1993) ("Like the Second Circuit, we can adduce no justification for defining 'sex' for Title VII purposes, so

broadly as to include an ongoing, voluntary, romantic engagement.")
(quotes and alteration omitted).[9]

Similarly, here, the female plaintiffs were affected in the same
adverse manner as men not found sexually attractive by Chisolm.[10] At
most Chisolm hired Drummond because -- according to plaintiffs' own
allegations -- he sexually favored him. For that matter, the alleged
"favoritism facts" here are even less aggravated than in *DeCintio*:

---

[9] Compare cases bearing more direct, *quid pro quo* facts. *Piech v. Arthur Andersen
& Co.*, S.C., 841 F. Supp. 825, 828 (N.D. Ill. 1984) (former female employee's
allegations that it was generally necessary for women to grant sexual favors to
employer's decision makers for professional advancement, and that she was not
extended certain employment benefits including promotion because, unlike favored
coemployee, she did not grant sexual favors, stated cause of action for *quid pro quo*
sexual harassment); *Toscano v. Nimmo*, 570 F.Supp. 1197, 1199 (D. Del. 1983)
(upholding female plaintiff's Title VII claim where she "offered proof in the form of
evidence of the circumstances of [supervisor's] sexual affair with the applicant he in
fact selected for the position[;]" held, "granting sexual favors was a condition to
receiving the position [was] an employment practice which discriminated against
[plaintiff] on the basis of sex.").

*DeCinto* distinguished *Toscano* by noting that the claim there "was premised on the
coercive nature of the employer's acts rather than the facts of the relationship itself."
*DeCinto*, 807 F.2d at 307. "The Title VII action at issue in *Toscano*, therefore, was
the substantial equivalent of a 'sexual harassment' suit." *Id.*; *see also Paramours,
Promotions, And Sexual Favoritism: Unfair, But Is There Liability?*, 25 PEPP. L. REV.
819, 868 (1998); *see also The Dubious Title VII Cause of Action for Sexual Favoritism*,
51 WASH. & LEE L. REV. 547, 549 & n. 7 (1994).

[10] The Court reiterates that there is no evidence Chisolm is sexually attracted to
men. The Court is simply accepting plaintiffs' *allegations* as true for the purpose of
ruling on their motion.

9

Drummond says he *spurned* Chisolm's advances, while in *DeCintio* the preferred candidate *slept with* her boss.

*DeCintio*, for that matter, is not an isolated case. An encyclopedist, exploring a range of cases touching on this area, explains that:

> Title VII does not prohibit isolated instances of preferential treatment based on consensual romantic relationships, since both other women and men are disadvantaged in that situation, so no sex discrimination exists. For example, an employer, who promoted a woman with whom he had a romantic relationship, did not violate Title VII's sex discrimination ban with respect to male applicants. The men were not prejudiced because of their status as males, but were in the same position as all other applicants for the promotion, including other female applicants. For the same reason, an employer who promoted a woman with whom a manager was having a sexual relationship did not discriminate on the basis of gender in failing to promote a more qualified female employee. Moreover, a supervisor's romantic relationship with a subordinate does not amount to sexual harassment of the subordinate without evidence that favorable treatment is conditioned on continuation of the affair. Likewise, Title VII did not prohibit discrimination based on preferential treatment because of a sexual affiliation.

2 EMP. DISCRIM. COORD. ANALYSIS OF FEDERAL LAW § 48:20 (Sep. 2012) (footnotes omitted); *Ahern v. Omnicare ESC LLC*, 2009 WL 2591320 at *5 (E.D.N.C. Aug. 19, 2009); *Kelly v. Howard I. Shapiro & Associates Consulting Engineers, P.C.*, 2012 WL 3241402 at *11 (E.D.N.Y.) (collecting cases).

It may be tempting to try and distinguish this case by noting Drummond's allegation that he spurned Chisolm, so there was no consensual sexual relationship here. But plaintiffs did not base their case on that; they based it on Chisolm's mere sexual attraction to Drummond (in the obvious hope of one day having a sexual relationship with Drummond). Indeed their own discovery requests seek to develop information on Chris Brown, for example, to *corroborate* such sexual favoritism.

Hence, they tied themselves to a sexual-favoritism claim, which is simply not actionable. And the rule that emerges from the case law is this: If an employer hires based on his mere sexual attraction to candidates, then unless he has created what is *not* alleged here -- a *quid pro quo* dynamic, *see* note 9 *supra* -- it simply does not matter if a job candidate embraces or spurns his sexual favoritism. Either way, the employer has discriminated against male and female job applicants equally, which means no *gender* discrimination and thus no Title VII violation has occurred.

Accordingly, the Court **DENIES** plaintiffs' motion to compel. Doc.

11

13.

**SO ORDERED** this 3rd day of October, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA